IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------------x
MEDQUEST LTD.,                                             )          Civil Action No.:
                                                           )
      Petitioner,                                         )
                                                           )
vs.                                                        )
                                                           )
TRIVENT SYSTEMS INC., TRIVENT
SYSTEMS PVT, LTD., SENGUTTUVAN
SAM SHANMUGAM, and ROY DIXON,                              )
                                                           )
      Respondents.                                        )
---------------------------------------------------------------------x

**PETITION FOR AN ORDER CONFIRMING
ARBITRATION AWARD AND ENTRY OF JUDGMENT**

      Petitioner MedQuest Ltd. ("MedQuest") respectfully petitions this Court for an order, pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, and the New Jersey Revised Uniform Arbitration Act, N.J. Rev. Stat. § 2A:23B-1 et seq., confirming the November 11, 2022 Interim Award of Emergency Relief issued by Arbitrator Angela Foster in an arbitration proceeding between MedQuest and Respondents Trivent Systems Inc., Trivent Systems PVT, Ltd., Senguttuvan Sam Shanmugam, and Roy Dixon (collectively, "Trivent"). The underlying arbitration was conducted before the American Arbitration Association ("AAA"), and styled *MedQuest Ltd. v. Trivent System Inc., Trivent Systems PVT, LTD., Senguttuvan Sam Shanmugam, and Roy Dixon*, ICDR Case No. 01-22-0004-0989. Upon confirming the Interim Award for Emergency Relief (the "Arbitration Award"), MedQuest further requests that the Court, pursuant to 9 U.S.C. § 13, and NJSA 2A:23B-22, enter a judgment in accordance with the confirmed award and retain jurisdiction for the purposes of any further proceedings to enforce such award. A copy of the Arbitration Award is attached hereto as Exhibit 1 and incorporated herein.

**The Parties**

1. MedQuest is a New York corporation, formed in 1983 by attorney Elliot Stone to provide medico-legal experts, medical record retrieval, medical organization and summaries to lawyer-clients.

2. Trivent Systems Incorporated is a Pennsylvania corporation and Trivent Systems PVC Ltd. is an Indian company that both provide medical record support services such as organization of medical records, medical chronologies, and summaries for law firm clients.

3. Senguttuvan Sam Shanmugam and Roy Dixon are individuals who reside in Pennsylvania and Florida, respectively. Shanmugam and Dixon are principals of Trivent.

4. In 2011, MedQuest and Trivent entered into a cross-marketing and sales agreement (the "Agreement") that provided Trivent would service MedQuest's attorney-customers through the MedQuest web portal. The Agreement provided that any disputes would be settled via arbitration in Newark, New Jersey.

**Jurisdiction and Venue**

5. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. MedQuest is a New York-based corporation; Trivent is a Pennsylvania-based corporation. The amount in controversy exceeds $75,000, exclusive of interests and costs, both because MedQuest's demand for arbitration places damages at $4,500,000 and because the value of the preliminary injunction awarded by the Emergency Arbitrator exceeds the $75,000 minimum for diversity jurisdiction.

6. Trivent solicits MedQuest customers and does business in New Jersey.

7. Shanmugam and Dixon solicit MedQuest customers and do business in New Jersey.

8. Trivent purposefully avails itself of the privileges and benefits of doing business in New Jersey.

9. Shanmugam and Dixon purposefully avail themselves of the privileges and benefits of doing business in New Jersey.

10. The respondents committed torts which caused damage and injury in New Jersey.

11. Venue lies in this district under 28 U.S.C. § 1391 and § 9 of the Federal Arbitration Act ("FAA"), because the March 10, 2011 Agreement (attached hereto as Exhibit 2), pursuant to which the underlying arbitration was conducted, provides that judgment on any award may be entered "in any court of competent jurisdiction." Exhibit 2 at p. 10.  The subject arbitration hearing was held in this district (Newark, New Jersey), subject to New Jersey law.

12. The arbitration was conducted in New Jersey by a New Jersey arbitrator applying New Jersey law.

13. According to the Federal Arbitration Act, "If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." 9 USC § 9.  The award was made in this district.

14. Petitioner has given due notice of this petition to counsel for Respondents.

**Basis of and Claim for Relief**

15. MedQuest and Trivent are parties to the March 11, 2011 Agreement which provides that the parties agree to submit any disputes thereunder to arbitration before AAA. Exhibit 2 at p. 10.

16. MedQuest served its Demand for Arbitration on Respondents and filed it with the AAA on September 19, 2022.  The demand for arbitration is attached hereto as Exhibit 3.  The

demand for arbitration includes claims for breach of contract, individual torts, unfair competition, theft of trade secrets, theft of customers, and other claims.

17. In addition to its Demand for Arbitration, MedQuest requested emergency injunctive relief from the AAA. The petition for emergency injunctive relief is attached hereto as Exhibit 4. In its petition, MedQuest laid out the need for injunctive relief – namely, to prevent further theft of its vast client base by the Respondents and to restore its access to proprietary customer information stored by Trivent pursuant to the agreement.

18. On October 26th and 28th, 2022, the Parties attended a virtual emergency hearing with Emergency Arbitrator Angela Foster in New Jersey. Arbitrator Foster heard both MedQuest and Trivent's cases and awarded MedQuest its requested injunctive relief on November 11, 2022. See Exhibit 1. In the arbitration hearing, MedQuest contended that the Respondents have cut off access to MedQuest's confidential customer information. In addition, MedQuest contends that the respondents have engaged in wholesale improper solicitation of MedQuest's customers.

19. The Interim Award of Emergency Relief provides, in part, that Respondents are directed "to provide MedQuest Ltd., with immediate real-time access to all of its customer records and any summaries or synopsis of them." Furthermore, the interim award states that "Respondents Trivent and their affiliates are enjoined from engaging in any direct or indirect solicitation of MedQuest customers pending resolution of the merits of the claim at a plenary hearing." See Exhibit 1, pp. 15-16.

20. Petitioners are being damaged and harmed on an ongoing basis by respondents' tortious and wrongful conduct.

21. The Federal Arbitration Act provides for confirmation of an arbitration award issued by an arbitrator: "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."

22. The New Jersey Revised Uniform Arbitration Act provides that a Court shall confirm an arbitration award upon proper application of a party: "After a party to an arbitration proceeding receives notice of an award, the party may file a summary action with the court for an order confirming the award, at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 20 or 24 of this act or is vacated pursuant to section 23 of this act."

23. This Petition to confirm is brought within one year after the Interim Award was rendered, and the Interim Award has not been vacated or modified.

24. MedQuest has not made a prior application to this Court, or any other court, for the relief requested in this Petition.

**WHEREFORE**, MedQuest hereby applies to this Court for an order, pursuant to 9 U.S.C. § 9, and The New Jersey Revised Uniform Arbitration Act, confirming the November 11, 2022 Interim Award for Emergency Injunction and, upon such confirmation, entry of a judgment in accordance with the Arbitration Award.

    Mound Cotton Wollan & Greengrass LLP
    1 New York Plaza
    New York NY 10004

    */s/ Barry R. Temkin*
    By: Barry R. Temkin (BRT 4124).

    Attorney for Petitioner MedQuest Ltd.

Dated:    November 29, 2022
            New York, New York