# EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------X
MED QUEST, LTD. dba RECORD REFORM

                        Petitioner,                                  **DEMAND**
                                                                                 **TO ARBITRATE**

        -against-

TRIVENT SYSTEMS INCORPORATED, TRIVENT
SYSTEMS PVT, LTD. AND SENGUTTUVAN S.
SAM SHANMUGAM,

                        Respondents.
---------------------------------------------------------------------X

SIRS:

       PLEASE TAKE NOTICE that pursuant to C.P.L.R. § 7503(c), and the March 10, 2011 CROSS-MARKETING AND SALES AGREEMENT, the undersigned attorneys for Petitioner Med Quest, Ltd. ("MedQuest") hereby demand arbitration by respondents TRIVENT SYSTEMS INCORPORATED, TRIVENT SYSTEMS PVT, LTD. AND SENGUTTUVAN S. SAM SHANMUGAM of any and all claims arising from the Respondents' breach of contract, individual torts, unfair competition, theft of trade secrets, theft of customers, trademark infringement, interference with contracts, interference with prospective business relations, negligent misrepresentations, fraud, unjust enrichment, and intellectual property and statutory torts. Claimant seeks attorneys' fees, statutory damages and punitive damages. Claimant reserves all its rights hereunder.

       Pursuant to C.P.L.R. § 7503(c), Petitioner MedQuest hereby demands arbitration with respondents. Binding arbitration is required by Section 16.4 of the parties' agreement, which provides in pertinent part:

> Any dispute between the parties arising out of or resulting from this Agreement that is not resolved through negotiation pursuant to Section 16.3, shall be settled exclusively by final and binding arbitration in accordance with the following:

1

    (a) except as specified below or otherwise agreed in writing, the arbitration shall be conducted in accordance with the then-current Commercial Arbitration Rules of the American Arbitration Association . . .

In addition, MedQuest demands expedited arbitration and the issuance of an injunction pursuant to the AAA Commercial Litigation rules.

MedQuest demands arbitration with individual respondent SENGUTTUVAN S. SAM SHANMUGAM due to his direct involvement in individual torts, and due to his inextricable involvement in the parties' dispute. In addition, said respondent is a third party beneficiary of the agreement.

PLEASE TAKE FURTHER NOTICE that, pursuant to Section 17 of the CROSS-MARKETING AND SALES AGREEMENT BETWEEN THE PARTIES, MedQuest hereby demands to "inspect the other Party's facilities, books and records" on September 23, 2022 at 10:00 AM.

PLEASE TAKE NOTICE that pursuant to C.P.L.R. § 7503(c), unless said proposed respondents apply to stay the arbitration within twenty (20) days after such service, they shall be thereafter precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time.

Dated: New York, New York
       September 19, 2022

                                      Respectfully submitted,

                                      MOUND COTTON WOLLAN & GREENGRASS LLP

                                      By: */s/Barry Temkin*
                                          Barry R. Temkin
                                          One New York Plaza
                                          New York, NY 10004
                                          (212) 804 4221

*Attorneys for Petitioner*
MedQuest Ltd.

TO:

TRIVENT SYSTEMS INCORPORATED,
TRIVENT SYSTEMS PVT, LTD. AND
SENGUTTUVAN S. SAM SHANMUGAM
1011 Brookside Road, Suite 150
Allentown, PA 18106


Jeffrey S. Fleischaker
Engel, Wiener, Bergstein & Fleischaker
825 N. 12th Street
Allentown, PA 18102
610-439-1235 (Fax)

3

AMERICAN ARBITRATION ASSOCIATION
------------------------------------------------------------------------X
MED QUEST, LTD. dba RECORD REFORM

                              Petitioner,                                **DEMAND TO ARBITRATE AS TO DIXON**

                -against-

TRIVENT SYSTEMS INCORPORATED, TRIVENT SYSTEMS PVT, LTD. SENGUTTUVAN S. SAM SHANMUGAM and ROY DIXON,

                              Respondents.
------------------------------------------------------------------------X

PLEASE TAKE NOTICE that pursuant to C.P.L.R. § 7503(c), and the March 10, 2011 CROSS-MARKETING AND SALES AGREEMENT, the undersigned attorneys for Petitioner Med Quest, Ltd. ("MedQuest") hereby demand arbitration of any and all claims arising from the Respondents' individual torts, unfair competition, theft of trade secrets, theft of customers, trademark infringement, interference with contracts, interference with prospective business relations, negligent misrepresentations, fraud, unjust enrichment, and intellectual property and statutory torts. Claimant seeks attorneys' fees, statutory damages and punitive damages. Claimant reserves all its rights hereunder.

Pursuant to C.P.L.R. § 7503(c), Petitioner MedQuest hereby demands arbitration with respondents. Binding arbitration is required by Section 16.4 of the parties' agreement, which provides in pertinent part:

> Any dispute between the parties arising out of or resulting from this Agreement that is not resolved through negotiation pursuant to Section 16.3, shall be settled exclusively by final and binding arbitration in accordance with the following:
>
> > (a) except as specified below or otherwise agreed in writing, the arbitration shall be conducted in accordance with the then-current Commercial Arbitration Rules of the American Arbitration Association . . .

1

In addition, MedQuest demands expedited arbitration and the issuance of an injunction pursuant to the AAA Commercial Litigation rules.

MedQuest demands arbitration with individual respondents SENGUTTUVAN S. SAM SHANMUGAM and Roy Dixon due to their direct involvement in individual torts, and due to his inextricable involvement in the parties' dispute. In addition, said respondent has deliberately participated in intentional torts causing injury to petitioner.

PLEASE TAKE NOTICE that pursuant to C.P.L.R. § 7503(c), unless said proposed respondents apply to stay the arbitration within twenty (20) days after such service, they shall be thereafter precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time.

Dated: New York, New York
September 28, 2022

Respectfully submitted,

MOUND COTTON WOLLAN & GREENGRASS LLP

By: */s/Barry Temkin*
Barry R. Temkin
One New York Plaza
New York, NY 10004
(212) 804 4221
*Attorneys for Petitioner*
MedQuest Ltd.

TO:

TRIVENT SYSTEMS INCORPORATED,
TRIVENT SYSTEMS PVT, LTD. AND
SENGUTTUVAN S. SAM SHANMUGAM
1011 Brookside Road, Suite 150
Allentown, PA 18106

Roy Dixon
1011 Brookside Road
Allentown, Pennsylvania 18106

2

Jeffrey S. Fleischaker
Engel, Wiener, Bergstein & Fleischaker
825 N. 12th Street
Allentown, PA 18102
610-439-1235 (Fax)